IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CATHERINE SALAS,

    Plaintiff,                                No. CIV S-04-0851 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                             <u>ORDER</u>

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") determining plaintiff was overpaid Disability Income Benefits. For the reasons discussed below, the court will deny plaintiff's motion for summary judgment or remand and grant the Commissioner's cross-motion for summary judgment.

I. <u>Factual and Procedural Background</u>

        In a decision dated July 25, 2003, the ALJ determined that the amount of overpayment, as determined by the Social Security Administration, was correct. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. The ALJ found plaintiff was entitled, effective September 1983, to a period of disability and disability insurance benefits based upon a Listing level visual

impairment; plaintiff returned to work in March 1994; as a result of the completion of the trial work period and performance of significant gainful activity during the extended period of eligibility, plaintiff was overpaid $32,272.00 between March 1995 and December 1999; plaintiff pled guilty to one count of theft of government property and was ordered to pay restitution in the amount of $1,614.00 to the Social Security Administration and also was ordered to cooperate with the Social Security Administration and repay any previous overpayment; the judgment in the criminal action did not relieve plaintiff of any further liability for recovery of the overpayment; plaintiff is not credible; the regulations regarding the evaluation of self-employment work activity of blind people were properly applied; and the overpayment amount, as determined by the Administration, is correct. Administrative Transcript ("AT") 15-16. Plaintiff contends there is a cognizable issue as to whether an overpayment occurred and disputes the amount and basis of any overpayment.

II. Standard of Review

The Commissioner bears the burden of establishing with substantial evidence the fact and amount of overpayments. McCarthy v. Apfel, 221 F.3d 1119, 1124-25 (9th Cir. 2000). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence. Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). If substantial evidence supports the administrative findings, or if there is conflicting evidence

supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III. Analysis

In a cursory argument with citations only to the Code of Federal Regulations, plaintiff argues the overpayment was incorrectly calculated. There is no explanation offered as to how analysis under the cited regulations would yield a different result in this case. Plaintiff's implicit contention that substantial evidence does not support the finding that plaintiff was overpaid and the finding regarding the amount of overpayment is without merit.[1]

By pleading guilty to the theft of government property under 18 U.S.C. § 641, plaintiff conceded the fact of overpayment. See United States v. Morrison, 113 F.3d 1020, 1022 (9th Cir. 1997) (res judicata precludes contesting of facts underlying guilty plea). With respect to whether there was an overpayment in each month at issue, the ALJ correctly analyzed the amount plaintiff could earn as a blind person under 20 C.F.R. § 404.1584. AT 13-15. Although there was conflicting evidence in the record regarding the amount of plaintiff's earnings, the ALJ found credible plaintiff's statements to the investigating officer that she earned $1,200.00 to $1,300.00 per month during the time she was collecting disability benefits. AT 138-139, 142-143. These numbers are consistent with the approximation made by plaintiff's brother and as reported to the interviewing special agent. AT 137. It was within the province of the ALJ to

---

[1] Although she does not argue the point in her brief here, in both her request for reconsideration and the request for hearing by Administrative Law Judge, plaintiff asserted only that restitution was paid in the amount of $1,614.00 and that therefore no further reimbursement of overpayment was owed. AT 98, 120. A review of the judgment establishes criminal monetary penalties were imposed, but in a separate provision plaintiff was directed to cooperate with the Social Security Administration and repay any previous overpayment as determined by the Social Security Administration. AT 74-77. Given the express language of the judgment and in light of the entire record, substantial evidence supports the ALJ's finding that the judgment did not relieve plaintiff of her civil liabilities for the entire amount of the overpayment. AT 51, 101, 102, 128.

resolve conflicts in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Although plaintiff testified she incurred some expenses in connection with her self-employment, she submitted no documentation regarding the claimed expenses for phone bills, fax machines, postage and special clothing. AT 217; see generally 20 C.F.R. §§ 404.1575(c), 404.1576. The tax returns submitted by plaintiff are of questionable validity given her history of reporting income under other Social Security Numbers; the returns also are in conflict with plaintiff's testimony at the hearing. AT 64 (tentative annual profit of $6,874.00 in 1997); AT 41 (tentative annual profit of $5,314.00 in 1998); cf. AT 217 (plaintiff testified to making between $800.00-$1,200.00 per month). For each month at issue, the amount earned by plaintiff exceeds the amounts allowable under 20 C.F.R. § 404.1584 and thus plaintiff is considered to have performed substantial gainful activity during the contested time periods.

      The amounts overpaid for each month were set forth in the notice of reconsideration dated December 2, 2001.[2] AT 115-117; see also AT 86-87, 99-100. The amounts tabulated are added correctly in the December 2001 notice of reconsideration[3] and the receipt of the disability payments was verified by plaintiff at the administrative hearing. AT 210-211. Because plaintiff performed substantial gainful activity during the months at issue, plaintiff was not disabled and therefore was not entitled to receipt of disability benefits. 20 C.F.R. § 404.1520. Moreover, contrary to plaintiff's assertion, plaintiff was afforded the benefit of a

---

[2] Although the copy of the notice of reconsideration in the administrative record is illegible in the right margin, the amounts and dates referenced can be ascertained from the context of the legible portion.

[3] Plaintiff was advised in May 2001 that she had an overpayment of $32,272.00 on her record. AT 88. The overpayment amount was corrected to $29,938.00, with a balance owed of $17,223.000, in the December 2001 notice of reconsideration. AT 116. Apparently overlooking the corrected amount set forth in the December 2001 notice, the ALJ in Finding no. 3 erroneously sets forth the uncorrected amount. However, because Finding no. 8 upholds the overpayment amount as determined by the Social Security Administration as correct, and the December 2001 notice supersedes the May 2001 notice and was referenced in the body of the ALJ's decision (AT 14), the matter will not be remanded for correction of this apparent typographical error, which is harmless. See Curry v. Sullivan, 925 F.2d 1127, 1129 (9th Cir. 1990) (harmless error analysis applicable in judicial review of Social Security cases).

trial work period and was not assessed an overpayment amount for the disability benefits received during the trial work period. AT 116.

      The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:

      1. Plaintiff's motion for summary judgment or remand is denied, and

      2. The Commissioner's cross-motion for summary judgment is granted.

DATED: September 29, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
salas2.ss